UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| Gershon Barkany, | Case No. 814-72941-845 |
|     Debtor, | |

-----------------------------------------------------------X

| | |
|---|---|
| Mark Pergament, Chapter 7 Trustee | Adv. Proc. No. 817-08148-845 |
| of the Estate of Gershon Barkany, | |
|         Plaintiff, | |
|   -against- | |
| Kollel America | |
|         Defendant. | |

-----------------------------------------------------------X

Defendant Kollel America ("Defendant") respectfully submits this Answer to the Complaint filed by Marc A. Pergament, as Chapter 7 Trustee of the Estate of Gershon Barkany ("Trustee"). All allegations made in the Complaint that are not expressly admitted are denied.

## **THE PARTIES**

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint except admits that Defendant is a nonprofit charitable organization with offices at 2268 85th Street, Brooklyn, New York 11214.

## JURISDICTION AND VENUE

7. To the extent that the allegations set forth in paragraph 7 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. To the extent that the allegations set forth in paragraph 8 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. To the extent that the allegations set forth in paragraph 9 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. To the extent that the allegations set forth in paragraph 10 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required,

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

**STATEMENT OF FACTS**

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. To the extent that the allegations set forth in paragraph 37 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. To the extent that the allegations set forth in paragraph 38 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. To the extent that the allegations set forth in paragraph 39 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40. To the extent that the allegations set forth in paragraph 40 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. To the extent that the allegations set forth in paragraph 41 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. To the extent that the allegations set forth in paragraph 42 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44. To the extent that the allegations set forth in paragraph 44 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 44 of the Complaint.

45. To the extent that the allegations set forth in paragraph 41 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46. To the extent that the allegations set forth in paragraph 46 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required,

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

## FIRST CLAIM FOR RELIEF

## PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW §273

47. Defendant responds to paragraph 47 of the Complaint by repeating and realleging all responses given to the paragraphs referred to therein with the same force and effect as if fully set forth herein.

48. To the extent that the allegations set forth in paragraph 48 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49. To the extent that the allegations set forth in paragraph 49 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 49 of the Complaint.

50. To the extent that the allegations set forth in paragraph 50 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 50 of the Complaint.

51. To the extent that the allegations set forth in paragraph 51 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. To the extent that the allegations set forth in paragraph 52 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 52 of the Complaint.

## SECOND CLAIM FOR RELIEF

## PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW §275

53. Defendant responds to paragraph 53 of the Complaint by repeating and realleging all responses given to the paragraphs referred to therein with the same force and effect as if fully set forth herein.

54. To the extent that the allegations set forth in paragraph 54 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 54 of the Complaint.

55. To the extent that the allegations set forth in paragraph 55 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56. To the extent that the allegations set forth in paragraph 56 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58. To the extent that the allegations set forth in paragraph 58 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 58 of the Complaint.

## THIRD CLAIM FOR RELIEF

## PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW §276

59. Defendant responds to paragraph 59 of the Complaint by repeating and realleging all responses given to the paragraphs referred to therein with the same force and effect as if fully set forth herein.

60. To the extent that the allegations set forth in paragraph 60 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 60 of the Complaint.

61. To the extent that the allegations set forth in paragraph 61 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 61 of the Complaint.

## FOURTH CLAIM FOR RELIEF

## PURSUANT TO 11 U.S.C. §502(d)

62. Defendant responds to paragraph 62 of the Complaint by repeating and realleging all responses given to the paragraphs referred to therein with the same force and effect as if fully set forth herein.

63. To the extent that the allegations set forth in paragraph 63 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 63 of the Complaint.

64. To the extent that the allegations set forth in paragraph 64 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 64 of the Complaint.

65. To the extent that the allegations set forth in paragraph 65 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint except admits that Defendant has not paid anything to the Plaintiff.

67. To the extent that the allegations set forth in paragraph 67 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 67 of the Complaint.

68. To the extent that the allegations set forth in paragraph 68 of the Complaint call for a legal conclusion, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 68 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

69. The Trustee fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

70. The Court lacks personal jurisdiction over the Defendant.

### Third Affirmative Defense

71. The Trustee's claims against Defendant are barred by the statute of limitations.

### Fourth Affirmative Defense

72. Any funds received by Defendant are charitable contributions under section 544(b)(2) of the Bankruptcy Code.

### Fifth Affirmative Defense

73. The Trustee's claims against Defendant are barred to the extent that the alleged transfer to Defendant was not made at a time when Gershon Barkany was insolvent nor did the alleged transfer render Gershon Barkany insolvent or unable to pay his debts.

### Sixth Affirmative Defense

74. The Trustee lacks standing to assert the claims against Defendant in the Complaint.

### Seventh Affirmative Defense

75. The Trustee's claims are barred by the doctrine of laches.

### Eighth Affirmative Defense

76. The Trustee's claims are barred by the doctrine of unjust enrichment.

### Ninth Affirmative Defense

77. The Trustee's claims are barred by the doctrine of equitable estoppel.

### Tenth Affirmative Defense

78. The Trustee's claims are barred to the extent that Trustee is not the proper party in interest to assert the claims set forth in the Complaint.

### Eleventh Affirmative Defense

79. Fair and adequate consideration or value was given for any funds Defendant may have received.

### Twelfth Affirmative Defense

80. The Trustee's claims against Defendant are barred to the extent that Trustee does not have ownership rights to the funds at issue.

### Thirteenth Affirmative Defense

81. The Trustee's claims against Defendant are barred by the doctrine of in pari delicto.

### Fourteenth Affirmative Defense

82. Defendant had no intent to hinder, delay or defraud the Trustee or any creditors of Gershon Barkany or any entities Gershon Barkany controlled.

### Fifteenth Affirmative Defense

83. Defendant acted in good faith and without any awareness of impropriety at all times. Therefore, Defendant should not bear a disproportionate share of losses that resulted from any alleged fraud.

### Sixteenth Affirmative Defense

84. The remedies claimed by the Trustee in the Complaint are barred to the extent that they are inequitable.

### Seventeenth Affirmative Defense

85. Defendant affirmatively raises and reserves all other applicable equitable and legal defenses.

### RESERVATION OF RIGHTS

86. Defendant reserves the right to amend this Answer, and to assert any other defenses revealed by further investigation and discovery.

**WHEREFORE**, the Defendant denies that Trustee is entitled to the relief sought, or to any other relief, and prays for judgment against Trustee as follows:

(a) that Trustee takes nothing by this action;

(b) that the Complaint be dismissed with prejudice and that judgment be entered for the Defendant on all counts of the Complaint;

(c) that the Defendant be awarded reasonable attorneys' fees and expenses incurred in defending this action; and

(d) that the Defendant be granted such other relief as the Court deems just and proper.

Dated: June 9, 2017

New York, New York

LAW OFFICES OF ALEXANDER RAYSKIN

By: /s/Alexander Rayskin
295 Madison Avenue, 12th Floor
New York, NY 10017
Tel: (646) 545-7132

*Attorneys for Kollel America*